UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20373-CR-LENARD/KLEIN

18 U.S.C. § 2339B
18 U.S.C. § 2339A
18 U.S.C. § 844(n)
18 U.S.C. § 2384

UNITED STATES OF AMERICA

v.

NARSEAL BATISTE,
    a/k/a "Brother Naz,"
    a/k/a "Prince Manna,"
PATRICK ABRAHAM,
    a/k/a "Brother Pat,"
STANLEY GRANT PHANOR,
    a/k/a "Brother Sunni,"
NAUDIMAR HERRERA,
    a/k/a "Brother Naudy,"
BURSON AUGUSTIN,
    a/k/a "Brother B,"
LYGLENSON LEMORIN,
    a/k/a "Brother Levi,"
    a/k/a "Brother Levi-El,"
and
ROTSCHILD AUGUSTINE,
    a/k/a "Brother Rot,"

        Defendants.
_____/



## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.     The name "al Qaeda" is used by an international terrorist group which is dedicated

to opposing non-Islamic governments by encouraging and promoting jihad. Al Qaeda is led by its emir, Usama Bin Laden, who is also commonly referred to the "sheik." Members of al Qaeda pledge an oath of allegiance (called a "bayat") to Usama Bin Laden and al Qaeda. On October 8, 1999, al Qaeda was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, and was redesignated as such on or about October 5, 2001, and again on October 2, 2003, and remains so designated through the date of the return of this Indictment.

2. As used in this Indictment, the term "jihad" refers to violent jihad, which in turn refers to the taking of actions against persons or governments in order to undermine and bring about the downfall of governments, and which includes planning, preparing for, and engaging in, acts of physical violence, murder, maiming, kidnaping, and the destruction of property.

3. The Sears Tower building located in Chicago, Illinois, is 110-stories tall and contains 4.4 million square feet of office and commercial space which is leased to several private and governmental institutions.

4. The Federal Bureau of Investigation Miami Field Office operates in a building located at 16320 N.W. 2nd Avenue, North Miami Beach, in Miami-Dade County, Florida (hereinafter "the FBI Building").

## COUNT 1

From at least as early as in or about November, 2005, the exact date being unknown to the Grand Jury, and continuing until on or about the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NARSEAL BATISTE,**
a/k/a "Brother Naz,"
a/k/a "Prince Manna,"
**PATRICK ABRAHAM,**
a/k/a "Brother Pat,"
**STANLEY GRANT PHANOR,**
a/k/a "Brother Sunni,"
**NAUDIMAR HERRERA,**
a/k/a "Brother Naudy,"
**BURSON AUGUSTIN,**
a/k/a "Brother B,"
**LYGLENSON LEMORIN,**
a/k/a "Brother Levi,"
a/k/a "Brother Levi-El,"
and
**ROTSCHILD AUGUSTINE,**
a/k/a "Brother Rot,"

together with others unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to a Foreign Terrorist Organization, that is, al Qaeda, by agreeing to provide personnel, including themselves, to work under al Qaeda's direction and control, knowing that al Qaeda has engaged or engages in terrorist activity, as that term is defined in Title 8, United States Code, Section 1182(a)(3)(B).

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

1.     **NARSEAL BATISTE** recruited and supervised individuals in order to organize and train for a mission to wage war against the United States government, which included a plot to destroy by explosives the Sears Tower in Chicago, Illinois.

2. In order to obtain funding and support for the mission to wage war against the United States, **NARSEAL BATISTE** and other conspirators attempted to obtain the support of al Qaeda.

3. In order to obtain such funding and support from al Qaeda, the conspirators pledged an oath to al Qaeda and supported a purported mission of al Qaeda to destroy FBI buildings within the United States. The means of such support included taking photographs of the FBI Building in North Miami Beach, Florida, as well as video and photographs of other federal buildings located in Miami-Dade County, Florida.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose thereof, at least one of the conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about December 16, 2005, **NARSEAL BATISTE** met in a hotel room with an individual known to the Grand Jury who was purporting to be a member of a foreign terrorist organization later identified as al Qaeda (hereinafter the "al Qaeda representative").

2. On or about December 16, 2005, **NARSEAL BATISTE** told the "al Qaeda representative" during a meeting that he was organizing a mission to build an "Islamic Army" in order to wage jihad.

3. On or about December 16, 2005, **NARSEAL BATISTE** provided the "al Qaeda representative" with a list of materials and equipment needed in order to wage jihad, which list included boots, uniforms, machine guns, radios, and vehicles.

4. On or about December 22, 2005, during a subsequent meeting with the "al Qaeda representative," **NARSEAL BATISTE** outlined his mission to wage war against the United States

government from within, using an army of his "soldiers" to assist in destroying the Sears Tower in Chicago, Illinois.

5. On or about December 22, 2005, **NARSEAL BATISTE** provided the "al Qaeda representative" with a list of shoe sizes for the purchase of military boots for his "soldiers."

6. On or about December 29, 2005, **NARSEAL BATISTE** met with the "al Qaeda representative" and took possession of military boots from the "al Qaeda representative."

7. On or about December 29, 2005, during this meeting, **NARSEAL BATISTE** again detailed his plot to take down the United States, destroy the Sears Tower, and provided the "al Qaeda representative" with another list of necessary materials and equipment which included radios, binoculars, bullet proof vests, firearms, vehicles, and $50,000 cash.

8. On or about January 28, 2006, **PATRICK ABRAHAM, NAUDIMAR HERRERA, ROTSCHILD AUGUSTINE,** and the "al Qaeda representative" met at a location in Miami-Dade County in order to exchange cars prior to driving to Islamorada, Florida for a meeting with **NARSEAL BATISTE.**

9. On or about January 28, 2006, **PATRICK ABRAHAM** and **NAUDIMAR HERRERA,** as well as **STANLEY PHANOR** who followed in a second vehicle, transported the "al Qaeda representative" to Islamorada, Florida in order to meet with **NARSEAL BATISTE.**

10. On or about February 19, 2006, **NARSEAL BATISTE** and **PATRICK ABRAHAM** met with the "al Qaeda representative" at an apartment in Miami-Dade County, Florida.

11. On or about February 19, 2006, during the meeting, **NARSEAL BATISTE** told the "al Qaeda representative" that he wanted to attend al Qaeda training, along with five of his soldiers, during the second week of April and further detailed his mission to wage a "full ground war" against

the United States in order to "kill all the devils we can," in a mission that would "be just as good or greater than 9/11," beginning with the destruction of the Sears Tower.

12. On or about February 19, 2006, during the meeting, **NARSEAL BATISTE** told the "al Qaeda representative" that he needed a video camera for a trip to Chicago and asked the "al Qaeda representative" to travel with him.

13. On or about March 10, 2006, **NARSEAL BATISTE** and **LYGLENSON LEMORIN** met with the "al Qaeda representative" in Miami-Dade County, Florida.

14. On or about March 10, 2006, during this meeting, **NARSEAL BATISTE** swore an oath of loyalty to al Qaeda in the presence of **LYGLENSON LEMORIN** and the "al Qaeda representative."

15. On or about March 16, 2006, **NARSEAL BATISTE, PATRICK ABRAHAM, STANLEY PHANOR, NAUDIMAR HERRERA, BURSON AUGUSTIN, LYGLENSON LEMORIN**, and **ROTSCHILD AUGUSTINE** attended a meeting with the "al Qaeda representative" at a warehouse in Miami-Dade County, where a plot to bomb Federal Bureau of Investigation buildings in five cities was discussed.

16. On or about March 16, 2006, during this meeting, **PATRICK ABRAHAM, STANLEY PHANOR, NAUDIMAR HERRERA, BURSON AUGUSTIN, LYGLENSON LEMORIN**, and **ROTSCHILD AUGUSTINE** each swore an oath of loyalty to al Qaeda.

17. On or about March 16, 2006, during this meeting, **NARSEAL BATISTE** took possession of a digital video camera from the "al Qaeda representative" and said that within a week he would obtain "good footage" of the FBI building in North Miami Beach, Florida.

18. On or about March 23, 2006, **NARSEAL BATISTE** asked the "al Qaeda representative" for a rental van to be used by himself and his conspirators to take reconnaissance photographs and video of the FBI building.

19. On or about March 24, 2006, **NARSEAL BATISTE** and **PATRICK ABRAHAM** met with the "al Qaeda representative" in Miami-Dade County, Florida.

20. On or about March 24, 2006, **PATRICK ABRAHAM** drove **NARSEAL BATISTE** and the "al Qaeda representative" by car past the FBI building and the National Guard Armory in Miami-Dade, Florida.

21. On or about March 24, 2006, **NARSEAL BATISTE** and **PATRICK ABRAHAM** traveled with the "al Qaeda representative" to a store in Miami-Dade County, Florida, to purchase a memory chip for a digital camera to be used to take reconnaissance photographs of the FBI building.

22. On or about March 26, 2006, **NARSEAL BATISTE** and **BURSON AUGUSTIN** met with the "al Qaeda representative" at a warehouse in Miami-Dade County, Florida.

23. On or about March 26, 2006, during this meeting, **NARSEAL BATISTE** and **BURSON AUGUSTIN** provided the "al Qaeda representative" with photographs of the FBI building, as well as photographs and video footage of the James Lawrence King Federal Justice Building, federal courthouse buildings, the Federal Detention Center, and the Miami Police Department, all located in Miami-Dade County, Florida.

24. On or about March 26, 2006, during this meeting, **NARSEAL BATISTE** further discussed with the "al Qaeda representative" the plot to bomb the FBI building.

25. On or about April 6, 2006, **NARSEAL BATISTE, STANLEY PHANOR,** and

**BURSON AUGUSTIN** met with the "al Qaeda representative" to review and discuss the photographs of the FBI building, as well as photographs and video footage of the James Lawrence King Federal Justice Building, federal courthouse buildings, the Federal Detention Center, and the Miami Police Department.

26. On or about May 24, 2006, **NARSEAL BATISTE** told the "al Qaeda representative" that he was experiencing delays because of various problems within his organization but that he wanted to continue his mission and maintain his relationship with al Qaeda.

All in violation of Title 18, United States Code, Section 2339B.

## COUNT 2

1. The general allegations section and the overt acts set forth in Count 1 of this Indictment are re-alleged and incorporated by reference as if set forth fully herein.

2. From at least as early as in or about November, 2005, the exact date being unknown to the Grand Jury, and continuing until on or about the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NARSEAL BATISTE,**
a/k/a "Brother Naz,"
a/k/a "Prince Manna,"
**PATRICK ABRAHAM,**
a/k/a "Brother Pat,"
**STANLEY GRANT PHANOR,**
a/k/a "Brother Sunni,"
**NAUDIMAR HERRERA,**
a/k/a "Brother Naudy,"
**BURSON AUGUSTIN,**
a/k/a "Brother B,"
**LYGLENSON LEMORIN,**
a/k/a "Brother Levi,"
a/k/a "Brother Levi-El,"
and

**ROTSCHILD AUGUSTINE,**
a/k/a "Brother Rot,"

together with others unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), that is, by agreeing to provide personnel, including themselves, knowing and intending that they were to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Sections 844(f)(1) and 844(i), and to conceal and disguise the nature, location, source and ownership of such material support and resources. All in violation of Title 18, United States Code, Section 2339A.

## COUNT 3

1. The general allegations section and the overt acts set forth in Count 1 of this Indictment are re-alleged and incorporated by reference as if set forth fully herein.

2. From at least as early as in or about November, 2005, the exact date being unknown to the Grand Jury, and continuing until on or about the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NARSEAL BATISTE,**
a/k/a "Brother Naz,"
a/k/a "Prince Manna,"
**PATRICK ABRAHAM,**
a/k/a "Brother Pat,"
**STANLEY GRANT PHANOR,**
a/k/a "Brother Sunni,"
**NAUDIMAR HERRERA,**
a/k/a "Brother Naudy,"
**BURSON AUGUSTIN,**
a/k/a "Brother B,"
**LYGLENSON LEMORIN,**
a/k/a "Brother Levi,"
a/k/a "Brother Levi-El,"

**and**
**ROTSCHILD AUGUSTINE,**
**a/k/a "Brother Rot,"**

together with others unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree to maliciously damage and destroy by means of an explosive:

a) a building leased to an agency of the United States, that is, the Federal Bureau of Investigation building, located at 16320 N.W. 2nd Avenue, North Miami Beach, Miami-Dade County, Florida, in violation of Title 18, United States Code, Section 844(f)(1), and

b) a building used in interstate and foreign commerce and in any activity affecting interstate and foreign commerce, that is, the Sears Tower building located in Chicago, Illinois, in violation of Title 18, United States Code, Section 844(i).

All in violation of Title 18, United States Code, Section 844(n).

## COUNT 4

1. The general allegations section and the overt acts set forth in Count 1 of this Indictment are re-alleged and incorporated by reference as if set forth fully herein.

2. From at least as early as in or about November, 2005, the exact date being unknown to the Grand Jury, and continuing until on or about the date of the return of this Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NARSEAL BATISTE,**
**a/k/a "Brother Naz,"**
**a/k/a "Prince Manna,"**

>PATRICK ABRAHAM,
>a/k/a "Brother Pat,"
>STANLEY GRANT PHANOR,
>a/k/a "Brother Sunni,"
>NAUDIMAR HERRERA,
>a/k/a "Brother Naudy,"
>BURSON AUGUSTIN,
>a/k/a "Brother B,"
>LYGLENSON LEMORIN,
>a/k/a "Brother Levi,"
>a/k/a "Brother Levi-El"
>and
>ROTSCHILD AUGUSTINE,
>a/k/a "Brother Rot,"

did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with persons unknown to the Grand Jury, to levy war against the Government of the United States, and to oppose by force the authority thereof, in violation of Title 18, United States Code, Section 2384.

A TRUE BILL

*RPB*

FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

JACQUELINE M. ARANGO
ASSISTANT UNITED STATES ATTORNEY

RICHARD GETCHELL
ASSISTANT UNITED STATES ATTORNEY

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20373-CR-LENARD / KLEIN

UNITED STATES OF AMERICA

vs.

Narseal Batiste, et al.,

**Defendants.**
_____/

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division:** (Select One)

_X_ Miami  ___ Key West
___ FTL    ___ WPB    ___ FTP

New Defendant(s)          Yes ___  No ___
Number of New Defendants      ___
Total number of counts         ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)   _No_
   List language and/or dialect    _____

4. This case will take   _20_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   I    0 to 5 days      ___            Petty    ___
   II   6 to 10 days     ___            Minor    ___
   III  11 to 20 days    _X_            Misdem.  ___
   IV   21 to 60 days    ___            Felony   _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  ___
   If yes:
   Magistrate Case No.          _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  ___ Yes  _X_ No
   If yes, was it pending in the Central Region?   ___ Yes  _X_ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?  ___ Yes  _X_ No

_____
JACQUELINE ARANGO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 664162

\*Penalty Sheet(s) attached

REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>NARSEAL BATISTE, a/k/a "Brother Naz," "Prince Manna"</u>

Case No: <u>06-20373CR-LENARD / KLEIN</u>

Count #: 1

<u>Conspiracy to provide material support to a foreign terrorist organization</u>

<u>18 U.S.C. § 2339B</u>

\* Max. Penalty: <u>15 years' imprisonment</u>

Count #: 2

<u>Conspiracy to provide material support to terrorists</u>

<u>18 U.S.C. § 2339A</u>

\*Max. Penalty: <u>15 years' imprisonment</u>

Count #: 3

<u>Conspiracy to destroy buildings by explosives</u>

<u>18 U.S.C. § 844(n)</u>

\*Max. Penalty: <u>20 years' imprisonment</u>

Count #: 4

<u>Seditious conspiracy</u>

<u>18 U.S.C. § 2384</u>

\*Max. Penalty: <u>20 years' imprisonment</u>

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>PATRICK ABRAHAM, a/k/a "Brother Pat"</u>

Case No: 06-20373 CR-LENARD / KLEIN

Count #: 1

<u>Conspiracy to provide material support to a foreign terrorist organization</u>

<u>18 U.S.C. § 2339B</u>

* Max.Penalty:    15 years' imprisonment

Count #: 2

<u>Conspiracy to provide material support to terrorists</u>

<u>18 U.S.C. § 2339A</u>

*Max. Penalty:    15 years' imprisonment

Count #: 3

<u>Conspiracy to destroy buildings by explosives</u>

<u>18 U.S.C. § 844(n)</u>

*Max. Penalty:    20 years' imprisonment

Count #: 4

<u>Seditious conspiracy</u>

<u>18 U.S.C. § 2384</u>

*Max. Penalty:    20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>STANLEY GRANT PHANOR, a/k/a "Brother Sunni"</u>

Case No. 06-20373 CR-LENARD / KLEIN

Count #: 1

Conspiracy to provide material support to a foreign terrorist organization

18 U.S.C. § 2339B

* Max. Penalty:    15 years' imprisonment

Count #: 2

Conspiracy to provide material support to terrorists

18 U.S.C. § 2339A

*Max. Penalty:    15 years' imprisonment

Count #: 3

Conspiracy to destroy buildings by explosives

18 U.S.C. § 844(n)

*Max. Penalty:    20 years' imprisonment

Count #: 4

Seditious conspiracy

18 U.S.C. § 2384

*Max. Penalty:    20 years' imprisonment


*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>NAUDIMAR HERRERA, a/k/a "Brother Naudy"</u>

Case No: 06-20373 CR-LENARD / KLEIN

Count #: 1

<u>Conspiracy to provide material support to a foreign terrorist organization</u>

<u>18 U.S.C. § 2339B</u>

* Max.Penalty:   15 years' imprisonment

Count #: 2

<u>Conspiracy to provide material support to terrorists</u>

<u>18 U.S.C. § 2339A</u>

*Max. Penalty:   15 years' imprisonment

Count #: 3

<u>Conspiracy to destroy buildings by explosives</u>

<u>18 U.S.C. § 844(n)</u>

*Max. Penalty:   20 years' imprisonment

Count #: 4

<u>Seditious conspiracy</u>

<u>18 U.S.C. § 2384</u>

*Max. Penalty:   20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **BURSON AUGUSTIN a/k/a "Brother B"**

Case No: **06-20373** CR-LENARD / KLEIN

Count #: 1

Conspiracy to provide material support to a foreign terrorist organization

18 U.S.C. § 2339B

\* Max.Penalty:     15 years' imprisonment

Count #: 2

Conspiracy to provide material support to terrorists

18 U.S.C. § 2339A

\*Max. Penalty:     15 years' imprisonment

Count #: 3

Conspiracy to destroy buildings by explosives

18 U.S.C. § 844(n)

\*Max. Penalty:     20 years' imprisonment

Count #: 4

Seditious conspiracy

18 U.S.C. § 2384

\*Max. Penalty:     20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>LYGLENSON LEMORIN a/k/a "Brother Levi," "Brother Levi-El"</u>

Case No: __06-20373__ CR-LENARD /KLEIN

Count #: 1

Conspiracy to provide material support to a foreign terrorist organization

18 U.S.C. § 2339B

* Max.Penalty: 15 years' imprisonment

Count #: 2

Conspiracy to provide material support to terrorists

18 U.S.C. § 2339A

*Max. Penalty: 15 years' imprisonment

Count #: 3

Conspiracy to destroy buildings by explosives

18 U.S.C. § 844(n)

*Max. Penalty: 20 years' imprisonment

Count #: 4

Seditious conspiracy

18 U.S.C. § 2384

*Max. Penalty: 20 years' imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>ROTSCHILD AUGUSTINE a/k/a "Brother Rot"</u>

Case No: 06-20373-CR-LENARD/KLEIN

Count #: 1

<u>Conspiracy to provide material support to a foreign terrorist organization</u>

<u>18 U.S.C. § 2339B</u>

* Max.Penalty:    15 years' imprisonment

Count #: 2

<u>Conspiracy to provide material support to terrorists</u>

<u>18 U.S.C. § 2339A</u>

*Max. Penalty:    15 years' imprisonment

Count #: 3

<u>Conspiracy to destroy buildings by explosives</u>

<u>18 U.S.C. § 844(n)</u>

*Max. Penalty:    20 years' imprisonment

Count #: 4

<u>Seditious conspiracy</u>

<u>18 U.S.C. § 2384</u>

*Max. Penalty:    20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**