UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20373-CR-LENARD-TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NARSEAL BATISTE, *et al.*,

    Defendants.
_____/

### ORDER ON MOTION TO REVISE HANDWRITING EXEMPLARS

THIS CAUSE comes before the Court upon Defendant Narseal Batiste's Motion in Opposition to Government's Proposed Writing Samples and Request for a Hearing [**D.E. 309**] and the Government's Response in opposition thereto [D.E. 332].  On June 12, 2007, this Court granted the government's motion to compel handwriting exemplars from all seven Defendants in this case. [D.E. 238].  The government's goal was to obtain a series of writings in sufficient quantities to permit comparisons of known handwriting to unknown handwriting, and thereby facilitate the identification of the individual or individuals who authored various documents seized at the time of the Defendants' arrests.  On June 26, 2007, the defendants produced handwriting samples by repeatedly copying from a text prepared by the government.  The text consisted of two typed passages excerpted from the seized documents.[1]

---

[1] The Court has reviewed the exemplars that were filed under seal.

Defendant Narseal Batiste ("Batiste") objects to the text used to obtain the handwriting exemplars.[2] He concedes that the Fifth Amendment protection against self-incrimination does not extend to "a mere handwriting exemplar." *See* Batiste's Mot. at 2 (citing *Gilbert v. California*, 388 U.S. 263, 266-67 (1967)). However, he argues that the content of the exemplars, which comes directly from evidence seized in this case, is incriminating in nature, and therefore the exemplars are testimonial in nature and implicate his right against self-incrimination protected under the Fifth Amendment. Batiste seeks an order requiring the government to revise the proposed writing samples to include neutral writing samples.

The Court must decline Batiste's request. "A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside [the protection of the Fifth Amendment]." *See Gilbert v. California*, 388 U.S. 263, 266-67 (1967); *see also United States v. Nix*, 465 F.2d 90, 93 (5th Cir. 1972) (handwriting exemplars fall on the side of the line where no reasonable expectation of privacy exists, and consequently outside the protection of the Fourth and Fifth Amendments) (internal citation omitted).

For instance, in *United States v. Mara*, 410 U.S. 19, 22 (1973), the defendant expressed concern that the government in seeking handwriting exemplars from him might actually be seeking testimonial communications, i.e., the content as opposed to the physical characteristics of his writing. The Supreme Court rejected this argument. The Court concluded that the defendant's Fifth Amendment privilege against compulsory self-incrimination was not violated given the government's explicitly-stated intent to use the handwriting exemplars "solely as a standard of comparison in order to determine whether the witness is the author of certain writings." *Id.* If, the Court

---

[2] Each of the other Defendants joined in this motion.

noted, the government "should seek more than the physical characteristics of the witness' handwriting- if, for example, it should seek to obtain written answers to incriminating questions or a signature on an incriminating statement," then the defendant could legitimately assert his Fifth Amendment rights. *Id.*

Thus, where the government's sole intended use in examining the physical characteristics of the exemplars is to establish only the authorship of questioned documents, *as is the case here*, *see* Govt's Resp. to Defendant's Mot. in Opp'n to Govt's Writing Samples [D.E.332] at 5, the communications are not testimonial in nature. The government does not intend to introduce the exemplars for any purpose beyond that, which if that occurred could convert the exemplars into a more testimonial or communicative piece of evidence. The government cannot make more of the exemplar than its intended purposes here. Accordingly, Defendant's objections to the form of the handwriting exemplars obtained in this case may be overruled on this basis alone. *Gilbert*, 388 U.S. at 266-67; *Nix*, 465 F.2d at 93.

Another point supports our overruling Defendant's objections. It is entirely proper for a defendant to be compelled to provide a handwriting sample by copying from a prepared text. *See, e.g., United States v. Kallstrom*, 446 F. Supp. 2d 772, 777 (E.D. Mich. 2006) (requiring defendant to provide handwriting samples by means of copying from a prepared text). Constitutional protections are not automatically implicated simply because the text prepared for obtaining a handwriting exemplar includes words and phrases taken from the questioned document. *See, e.g., United States v. Fenton*, 531 F.Supp. 937, 943 (D.N.J. 1981) (compelling the defendant to write out selected words or phrases taken from the questioned document would not violate his Fifth Amendment rights); *United States v. Hayes*, 388 F.Supp 470, 474 (W.D. Pa. 1975) (finding no error in the admission into evidence of a handwriting

exemplar which was a copy by the defendant of the text of incriminating letters alleged to have been written by him); *Miller v. Dugger,* 838 F.2d 1530, 1541-42 (11th Cir. 1988) (physical properties of defendant's voice were not communicative or testimonial; however, government's use of the *contents* of defendant's voice to establish his sanity impinged upon defendant's Fifth Amendment rights because the statement used in this way was testimonial in nature). As one court explained,

> Words can be used as physical evidence apart from their communicative content; even if an accused were coerced to write out a full confession, random words of that confession could be used as an example of the accused's handwriting, provided of course the jury did not learn there were from a confession.

*Hayes*, 388 F.Supp. at 476 (internal citation omitted).

Here, the prepared text provided to Defendants for use in obtaining handwriting samples merely contained brief excerpts from a larger document. It did not include a confession but was relatively innocuous text. The government's sole purpose in obtaining the exemplars is to determine who authored the larger text. As the government observes, "[i]f the author of the larger document is identified, the exemplars may be introduced for the limited purpose of supporting that testimony and the jury may be so instructed." *See* Govt's Resp. at 5. For these additional reasons, the Court overrules Defendant's objections to the form of the handwriting exemplars.[3]

---

[3] If the government's intent were to change at trial and the exemplars were admitted for a different purpose, Batiste can obviously raise its objection again at that point, citing in part that this Court relied upon the government's representation in allowing the exemplar to be obtained and in not requiring the government to obtain generic or neutral handwriting exemplars as requested here. *See, e.g., Miller,* 838 F.2d at 1541-42.

For the foregoing reasons, the Court hereby

**ORDERS AND ADJUDGES** that Defendant Narseal Batiste's Motion in Opposition to Government's Proposed Writing Samples [**D.E. 309**] is **DENIED**. Since the Court heard argument on this motion at the July 16-18, 2007, omnibus motion hearing, Batiste's Request for a Hearing [**D.E. 310**] is also **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of August, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge