UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20373-CR-LENARD/TORRES

UNITED STATES OF AMERICA

v.

Narseal Batiste, et al.,

　　　　Defendants.
_____/

## MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT WITNESS AND REQUEST FOR DAUBERT HEARING

NARSEAL BATISTE, by and through undersigned counsel, hereby moves this court for an

order excluding the proposed government expert witness, Agent Dan Young, or in the alternative,

moves this court to compel the government to meet its obligation under Rule 16(a)(1)(G) and to set

a *Daubert* hearing prior to any determination on the issue.

　　　The Government's Proposed Expert Does Not Withstand a *Daubert* analysis.

In determining the admissibility of an expert witness, it is the Court's role to ensure that such

testimony "rests on a reliable foundation and is relevant to the tasks at hand." *Daubert v. Merrell

Dow Pharmaceuticals*, Inc., 509 U.S. 579, 597 (1993). Upholding the mandate provided by *Daubert*

requires the court to test whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to
> address; (2) the methodology by which the expert reaches his conclusions is
> sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3)
> the testimony assists the trier of fact, through the application of scientific, technical,
> or specialized expertise, to understand the evidence or to determine a fact in issue.

**Page 2**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)(en banc).  The proponent of expert testimony, in this case the government, always bears "the burden to show that his expert is qualified to testify competently regarding the matters he intended to address; the methodology by which the expert reached his conclusions is sufficiently reliable; and the testimony assists the trier of fact." *Daubert*, 509 U.S. at 592-94. The Government's notice fails to meet this burden.

  A)  <u>Agent Dan Young is not qualified to testify as an expert on Jeff Fort, the Black P-Stones or the El-Rukns.</u>

  The government has misrepresented the qualification of Agent Young to testify on the proposed subject matter. First, the government states in its motion that Young "was qualified as an expert in Chicago street gangs and El Rukns" in the 2004 Federal Trial of *U.S. v. Patterson*, 04-CR-705-1.  However, in *Patterson*, Young was qualified as an expert in *narcotics and narcotics trafficking*. (D.E. 419, 7/25/05 at 7). The *Patterson* court *declined* to qualify him as an expert in the Black P Stone/El Rukn street gang. (D.E. 419, 7/25/05 at 16). Given this misrepresentation as to Young's prior qualification in the 2004 case, Mr. Batiste also moves that this court request that the government produce the transcript of the 1994 state trial of <u>State of Illinois v. Burnham</u>, the other case in which Agent Young is supposed to have been qualified, so that the nature of this qualification can be verified. Undersigned counsel, despite diligent efforts, has been unable to locate this case.  It appears that the government may have improperly identified it.

  The government seems to contend that Dan Young's expertise comes from his years

2

**Page 3**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

of experience as a special agent with the Department of Alcohol, Tobacco and Firearms

(ATF) from 1989 to 2004. The government claims that during that time Agent Young was

assigned to the Organized Crime Drug Task Force unit in Chicago, and participated in the

investigation and prosecution of gang related drug crimes. Given this experience, Agent

Young's area of expertise more accurately lies in gang related drug conspiracies in urban

Chicago. However, there are no drug crimes, by gangs or otherwise, on which to lend his

expertise in Mr. Batiste's case.  Indeed, the government has never contended that Mr. Batiste

was a member or leader of a gang. Quite the opposite, the government has continuously

argued that Mr. Batiste was the leader of a religious group formed for the purpose of

overthrowing the United States government.

Agent Young would have no experiential expertise on Jeff Fort due to the fact that

he joined the ATF in 1989, two years *after* Jeff Fort was convicted of conspiring to commit

acts of terrorism. Jeff Fort has been imprisoned since that time. His lack of experience with

Jeff Fort leaves only the possibility of an academic knowledge of Jeff Fort as a basis for

expertise. The government has provided no information to support Agent Young's academic

study, research, or writing about Jeff Fort.  Although the government provides the title of a

movie, "Stone to the Bone" to which Agent Young is said to have "contributed," it fails to

specify the manner in which he contributed, the content which he provided to the film, if any,

and the rates for of pay he demanded for his "contribution." This makes it impossible for Mr.

Batiste to evaluate this contribution to determine whether it supports his qualification as an

**Page 4**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

expert. Certainly, having "contributed" in a nondescript manner does not render one an expert on that film's subject matter.

Moreover, the government has resisted Mr. Batiste's efforts at further evaluating Agent Young's credentials as an expert on the provided topics. The government has neglected to provide a Curriculum Vitae (CV) for Agent Young with their notice. In an email to AUSA Jacqueline Arango, sent December 28th, 2008, undersigned counsel requested Agent Young's CV to date no response has been forthcoming.

Therefore, the government has not met its burden to prove that Young is qualified to testify on the matters described by the government. Agent Young's testimony should be excluded or a *Daubert* hearing set to allow the court to play its vital gate-keeping role.

B)       The government fails to prove the reliability of Agent Young's testimony.

On the issue of reliability, the trial court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. The Court cautioned that the district court must focus "on [the] principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. The Supreme Court has identified various factors for the trial court to consider when evaluating the reliability of the proposed expert opinion: (1) whether a theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate of the theory or technique; and (4) whether the theory or technique enjoys general

**Page 5**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

acceptance within the relevant scientific community. *Daubert*, 509 U.S. at 592-94.

In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court clarified that the district court's duty to act as gatekeeper and to assure the reliability of expert testimony before admitting the evidence applies to all expert testimony, not merely scientific expert testimony. *Kumho Tire Co.*, 526 U.S. at 147; *see also Frazier*, 387 F.3d at 1262. "Exactly how reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." Frazier, 387 F.3d at 1262. However, the government's notice identifies neither the methodology used, nor the conclusions reached by Agent Young. Therefore, no such evaluation is possible.

Moreover, "if the witness is relying solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Frazier*, 387 F.3d at 1261 (internal citation omitted). Agent Young is certainly relying on his experience as the basis for his expertise. Therefore, he must justify how that expertise is a reliable basis for his opinion in relation to Mr. Batiste's case, and how is experience investigating and assisting in the prosecution of organized crime drug conspiracies leads to his conclusions about Mr. Batiste.  The government's notice is absent any such justification, making it impossible for Mr. Batiste, or the Court, to determine his reliability.  Again, these omissions render the government's notice insufficient, and call for at least a *Daubert* hearing

**Page 6**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

on the matter and an order compelling the government to produce additional information on

Agent Young's proposed testimony.

> C)   <u>The government has not shown that Agent Dan Young's testimony will assist the trier of fact.</u>

The relevance prong of the *Daubert* analysis – whether the proposed testimony will

help the jury – asks whether the expert's opinion will truly aid the jury in resolving the issues

genuinely before it. Expert testimony, like all evidence, must be relevant. *See* Fed. R. Evid.

401, 402. Unlike ordinary testimony, however, expert testimony must also "assist the trier of

fact to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702.

The government's proposed expert must be excluded due to the fact that the government has

not demonstrated that the testimony will assist the trier of fact. The defendant is severely

handicapped in detailing this because the government has failed to adhere to the mandates of Rule

16(a)(1)(g). Indeed the "Notice of Expert" wholly disregards the disclosure requirements established

in Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. Rule 16(a)(1)(G) provides:

> At the defendant's request, the government *must* give to the defendant a written *summary of any testimony* that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial... The summary provided under this subparagraph must describe the witness's *opinions, the bases and reasons for those opinions*, and the witness's qualifications.

(Emphases added). This court's Local Rules and the Standing Discovery Order also require these

disclosures. See S.D. Fla. L.R. 88.10.N. (D.E. 50).

In its notice, the government merely provides an anemic list of "topics" on which it expects

Agent Dan Young to testify. This lists consists of bland titles, such as, "The Name El-Rukns," "The

**Page 7**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

Formation of the Black P-Stones," and "Who is Jeff Fort," constructed to conceal, rather than disclose, the content of Agent Young's testimony. (D.E. 1103, 2-3). The government does not provide any facts or positions as to a single proposed topic. The government omits Agent Young's opinions on the topics, as well as any possible bases or reasons for those opinions. Further, the government fails to state how Agent Young will relate these topics to Mr. Batiste's case. Provision of such a list, without more, clearly does not satisfy Rule 16(a)(1)(G). *U.S. v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) (holding that the government's "list of general subject matters to be covered" did not satisfy the requirements of Rule 16(a)(1)(G) where the government did not include the particular position that the expert would provide on each subject at trial). Rule 16 clearly does not permit the government to shirk its duties by providing a list of the purported topics and leave for the defense the task of divining both the conclusions that the proposed expert will reach, and the reasons for those conclusions.

These omissions are critical due to the fact that they deny Mr. Batiste "a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Advisory Notes, Fed. R. Crim. P. 16. III. Therefore, even if the court ultimately declines to exclude the testimony of this witness, the court should order the government to provide a detailed proffer which respects Federal Rule of Criminal Procedure 16(a)(1)(G), thus compelling the government to provide sufficient information to allow Mr. Batiste, and the court, to evaluate whether it will assist the trier of fact.

    C.    <u>The Proposed Testimony Does Not Withstand Rule 403 Analysis</u>.

Although the government has not properly disclosed the testimony of Agent Young, the

**Page 8**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

topics provided demonstrate that the testimony will be so confusing to the jury and prejudicial to Mr.

Batiste that it must be excluded under *Daubert* and Rule 403 of the Federal Rules of Evidence. Rule

403 provides that relevant evidence may be excluded if its probative value is, "substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See*

Fed. R. Evid. 403.  The rule applies to all evidence, but should be applied even more strictly to

proposed expert testimony because of the additional weight jurors may be inclined to give an

expert's testimony. *See Allison v. McGhan Med. Co.*, 184 F. 3d 1300, 1309 (11th Cir. 1999); see also

*Daubert*, 509 U.S. at 595 ("Expert evidence can be both powerful and quite misleading because of

the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against

probative force under Rule 403 of the present rules exercises more control over experts than over

lay witnesses.")(citation and internal quotation marks omitted).

From what can be gleaned from the skeletal notice provided by the government, Agent

Young intends to testify on the background and history of Jeff Fort, one of the most notorious figures

in drug and gang lore from the Chicago area, which may include the many murders, assaults and

rapes which may have been connected to Jeff Fort, as well a his ultimate conviction on domestic

terrorism charges. Agent Young will likely discuss many aspects of the Jeff Fort's gang operation,

including the many offshoots from Jeff Fort's original gang. Though the government has concealed

the opinions and statements Agent Young will make about these topics, it is likely that the testimony

will attempt to liken Mr. Batiste to Jeff Fort.

**Page 9**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

The government intelligently anticipates that after being bombarded with sensational information about an infamous Chicago gang leader who ventured into terrorism, the jury will view Mr. Batiste and the other defendants as actual or aspiring gang members, also inclined to commit acts of terrorism. Indeed, this dramatization of Jeff Fort in the context of Mr. Batiste's trial, will cause the jury to attribute the characteristics of Jeff Fort to Mr. Batiste, thus facilitating a conviction.

Similarly, if the proposed expert testimony connects this extensive history of Jeff Fort with Mr. Batiste's few references to him, the jury will be led to believe that in referencing Jeff Fort, Mr. Batiste endorsed Fort's sordid and complex dealings. There is certainly nothing in the record to suggest that Mr. Batiste had the level of knowledge of Jeff Fort that the government claims is possessed by Dan Young. Indeed, in the mere minutes that Mr. Batiste discussed any of Jeff Fort and the Black Stone Nation, among the thousands of hours of recorded conversation, Mr. Batiste expressed, at best, a vague, confused and simplistic understanding. Agent Young's testimony, will, in effect, supply Mr. Batiste's words with more content than they originally contained. The testimony of Agent Young would effectively transform Mr. Batiste from an individual with vague knowledge of the infamous Chicago figure, into Jeff Fort's emissary or reincarnation – all to highly prejudicial results.

It is worth noting that when Agent Young testified on the gang affiliation of the defendant in *Patterson*, the government sought to introduce the evidence pursuant to Federal Rule of Evidence 404(b). (D.E. 130). In *Patterson*, the court recognized the highly prejudicial effect of evidence of gang affiliation and strictly limited the testimony on that matter.  (D.E. 149, at 5). The *Patterson*

**Page 10**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

court ruled that absent a stipulation, "some evidence of [the defendants'] gang membership is admissible for the *limited* purpose of addressing [the] theory of constructive possession..." *Id.* (emphasis added).

In Mr. Batiste's case, the government may argue that an expert on this topic is needed to ensure that the jury has some historical basis to interpret the words of Narseal Batiste in regards to Jeff Fort and the Black P Stone Rangers.  The Government and the Defense can enter into a stipulation as to a brief,  general description of Jeff Fort, for the purpose of sufficiently educating the jury, without improperly influencing or making conclusions on its behalf.[1] This would meet the goals of the government, while limiting the risk of extreme prejudice to the defendant.

Therefore, for all of the foregoing reasons, Narseal Batiste requests that the Court  exclude the proposed expert testimony of Jeff Fort, or in the alternative, instruct the government to fully disclose the proposed expert testimony of Agent Dan Young according to the guidelines of Federal Rule 16(a)(1)(g) and hold *Daubert* hearing before any determination of the matter.

I HEREBY CERTIFY that a copy of the foregoing was furnished via CM/ECF to all of the foregoing counsel listed below on this   __20th__ Day of January, 2009.

RESPECTFULLY SUBMITTED,

ANA M. JHONES, Esq.
Haley & Associates, P.A.
300 Sevilla Ave., Suite 210

---

[1] The defense does not concede the relevance of Jeff Forte and his criminal gang enterprises.

**Page 11**
**USA v. Narsael Batiste, et al., Case Number: 06-20373-CR-LENARD/TORRES**
Motion in Limine to Exclude Government Witness and Request for Daubert Hearing

Coral Gables FL   33134
Telephone: (305) 442-9393
Facsimile: (305) 442-9990

BY:   /s/ *Ana M. Jhones*
Florida Bar #771170

P:\LITIGATION I\AMJ\4396 - Batiste, Narseal - CJA\4396.3\Pleadings\Drafts\Dan Young Disclosure Motion Draft for Filing.wpd

11