UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20373-CR-LENARD/TORRES

UNITED STATES OF AMERICA

v.

NARSEAL BATISTE, ET AL.,

Defendants.

_____/

**DEFENDANT BATISTE'S REPLY TO GOVERNMENT'S MOTION
IN OPPOSITION TO DEFENDANT'S MOTION
TO EXCLUDE WITNESS AND REQUEST FOR DAUBERT HEARING**

NARSEAL BATISTE, by and through undersigned counsel, hereby moves this court for an order excluding the proposed government witness, Agent Dan Young. In the alternative, if the court is not disposed to exclude the witness, to set a *Daubert* hearing, to which the government does not object.

INTRODUCTION

Mr. Batiste does appreciate the government's decision not to object to a Daubert hearing. However, Mr. Batiste maintains that Agent Dan Young's testimony should be excluded outright as Young in not qualified to testify as an expert on the proposed topics. Moreover, even if Agent Young were qualified for this purpose, Mr. Batiste maintains that the facts of this case simply do not call for any expert testimony on this topic.

Page 2
USA v. Narsael Batiste, *et al.,* Case Number: 06-20373-CR-Lenard/Torres
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

A. A *Daubert* hearing is necessary to demonstrate that Agent Young is not qualified.

The government's defense of its misrepresentation as to Agent Dan Young's qualification as an expert in U.S. v Patterson does not suffice. The government clearly stated in its response that in that case, Agent Young was qualified as *both* an expert in Chicago street gangs *and* in the El Rukns. However, in that case Agent Young was qualified as *neither*. Rather, Young was qualified as an expert in narcotics and narcotics trafficking. When the government sought to have Young qualified as an expert in narcotics, the following exchange occurred:

> MS. HAMILTON: Your Honor, at this time I would move that Agent Young be admitted as an expert in narcotics and narcotics trafficking.
> MR. LEINENWEBER: No objection.
> MR. CAMARENA: No objection, your Honor.
> THE COURT: So ordered. The jury is advised that this witness is an expert in narcotics trafficking.

On the other hand, when the government in that case sought to qualify Young as an expert in El Rukns, the exchange was quite different:

> MS. HAMILTON: Your Honor, at this time we would move that Agent Young be designated as an expert in the Black P Stone/El Rukn street gang.
> THE COURT: Is there an objection?
> MR. BREWER: I have an objection to him being an expert with regard to the Black P Stone gang.
> THE COURT: I think the witness will be permitted to testify about his observations concerning certain aspects of gang

2

Page 3
USA v. Narsael Batiste, *et al.,* Case Number: 06-20373-CR-Lenard/Torres
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

> activities, but I don't know that we need to designate him as an expert for that purpose.

Therefore, the court, after having qualified Agent Young as an expert in narcotics and narcotics trafficking, specifically declined to extend that expert qualification to the Black P. Stone/El Rukn street gang. To the extent that he testified about his observations about the El Rukns, he did not do so as an expert. Despite this, the government stated in its notice that the *Patterson* court qualified Agent Young as an expert on the subject of these gangs and maintains in its response that Young gave "expert testimony" on that topic. (D.E. 1118, at 2). This insistence reflects the government's fundamental disregard for the court's strict mandate under *Daubert*. For, it is the Court that decides whether an individual has provided or will provide expert testimony on a given topic, not the government.

The government also provided in its notice that Agent Young was *qualified* as an expert in both Chicago street gangs and in the El Rukns in the 1994 case, State of Illinois v Burhnam. The government now states that Agent Young "*testified* as an expert' on those topics. (D.E. 1118, at 3). Again, it is the Court that deems a witness an expert, and deems testimony expert testimony. Given the government's confusion as to this principle, it should not be assumed that Young was, in fact, qualified as an expert on those topics in Burnham. The government states that it does not have the transcript for the Burnham proceeding and does not provide another basis for its original statement that Young was qualified as an

Page 4
USA v. Narsael Batiste, *et al.,* Case Number: 06-20373-CR-Lenard/Torres
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

expert in that trial. Therefore, there remains room for doubt that Young has ever been qualified by a court as an expert on the Black P. Stones or the El Rukns.

The government states in its response that it did not provide Dan Young's formal CV because of all of the information it contains which is not relevant to Jeff Fort, the Black P. Stones and the El Rukns. In the context of Dan Young's qualification as a narcotics expert in *Patterson*, the omission of this CV speaks volumes. It appears that Dan Young's actual expertise is in the area of narcotics trafficking, not Jeff Fort and the El Rukns. Also, the purpose of providing the background of the person is to allow for proper impeachment of the witness based on their work experience, a fertile area here. The government, however, is denying Mr. Batiste the information to evaluate Agent Young's experience in the context of his career in law enforcement. Mr. Batiste requests this CV in order to properly evaluate Agent Young for both *Daubert* and impeachment purposes.

Furthermore, the government has not addressed Mr. Batiste's argument that even though Dan Young's alleged qualification is experience-based, he has not had any experience with Jeff Fort. Again, Young joined the ATF two years after Jeff Fort was convicted of terrorism charges. Even to the extent that Young had direct experience with El Rukns and the Black P. Stones, the government has not outlined which of the Jeff Fort off-shoots, each with its varying identity and beliefs, with which Young had experience. Clearly, given when

4

**Page 5**
**USA v. Narsael Batiste,** *et al.,* **Case Number: 06-20373-CR-Lenard/Torres**
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

Young started with the ATF, his experience would be with gangs increasingly distant from Jeff Fort's terrorist agenda. The government intends for Young to provide testimony on Jeff Fort's convictions. However, Young did not participate in the investigation or prosecution of Jeff Fort. Young's proposed testimony includes an explanation of how Jeff Fort developed the Black P Stones and El Rukns, as well as the gang's culture. Yet Young was not in law enforcement during the development states of these gangs.

The government, as their notice and response suggest, intends to present a historical account on Jeff Fort and the El Rukns. For Agent Young, who did not experience this first hand, it would become an academic exercise. But, the government has not demonstrated that Agent Young has an academic knowledge of Jeff Fort and his early days developing the Black P. Stones and El Rukns. Similarly the government has not shown that Agent Young is appropriately educated to distinguish Jeff Fort and the Black P. Stones' signs, symbols and culture from those of the Moorish Science Temple.

B.      <u>The government continues to evade the requirements of Rule 16(a)(1)(g).</u>

The government argues in its response that Mr. Batiste is not entitled to a *Daubert* hearing due to the fact that counsel for Batiste has not provided conflicting literature or expert testimony on the subject matter. The argument only underscores the importance of Rule 16(a)(1)(g), and the problem created by the government's failure to abide by it. Rule

**Page 6**
USA v. Narsael Batiste, *et al.,* Case Number: 06-20373-CR-Lenard/Torres
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

16, in pertinent part, requires the government to provide:

> ... a written summary of any testimony that the government offers under Rule 702, which must include the "witness's opinions [and] the bases and reasons for those opinions."

Fed. R. Crim. Pro. 16(a)(1)(g)

The Government cannot forego the requirements of Rule 16(a)(1)(g) by simply providing a list of general subject matters to be covered by the expert testimony. See *United States v. Duvall*, 272 F.2d 825 (7th Cir. 2001); *United States v. Jackson*, 51 F.3d 646 (7th Cir. 1995). Unfortunately, in its response, the government provides yet another list of proposed testimony topics, without the content required by the rule. For example, the government proposed that Agent Young will testify on "who Jeff Fort is." There is simply no way to contradict this type of non-statement, which provides no clue on Agent Young's opinion on "who Jeff Fort is." In order to present conflicting testimony, counsel would have to know what Agent Young will say about "who Jeff Fort is." Similarly, contradicting Young's uniformed account of "how Jeff Fort developed The Black P. Stone Nation and El Rukns" would require knowing how Agent Young believes that Jeff Fort developed these groups. Finally, the government provides that Agent Young will discuss the symbols used by the El Rukns and the meanings of these symbols, but has not provided the meanings that the agent

**Page 7**
**USA v. Narsael Batiste, *et al.*, Case Number: 06-20373-CR-Lenard/Torres**
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

will attach to these symbols. Therefore, there is no way to ascertain, given the government's minimal disclosure, whether Young's opinions are supported by any other testimony or literature on the subject, or whether there is testimony or literature that *contradicts* the meanings of these symbols as attributed to them by Agent Young. There is similarly no way to effectively prepare for cross examination of the Agent on these topics.

The government cites *US v. Hansen* for the proposition that a Daubert hearing should be granted when the party opposing the admission of expert testimony provides conflicting literature or expert testimony on the subject matter. 262 F.3d 1217 at 1234 (11th Cir 2001). In that case, however, the government initially disclosed the content of the opinions and testimony of the expert, as well as the expert's proposed exhibits. *Id*. at 1233. Therefore, the holding of that case presupposes the government's initial disclosure of the testimony, to which the opposing party would present conflicting evidence. However, in Mr. Batiste's case, the government has not made this initial disclosure.

Therefore, even if the court holds a *Daubert* hearing, rather than exclude the proposed expert, the government must be compelled to articulate the anticipated testimony, including the proposed expert's opinions on the proposed topics. Without this, Mr. Batiste will have been deprived of his "fair opportunity to test the merit of the expert's testimony through focused cross-examination." Advisory Notes, Fed. R. Crim. P. 16. III.

**Page 8**
**USA v. Narsael Batiste, *et al.*, Case Number: 06-20373-CR-Lenard/Torres**
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

B.   <u>The proposed testimony carries a minimal probative value while carrying an enormous prejudicial effect.</u>

   (1) <u>Agent Young's proposed testimony has minimal relevance, if any.</u>

According to the government, Agent Young proposes to provide a broad historical account of Jeff Fort, including his convictions and customs and practices of gangs related to Fort. According to the government, the purpose of this testimony is to show that Sultan Khan Bey is affiliated with the gang, as demonstrated by Sultan's wearing a uniform and symbols also used by the El Rukns.  The purpose is also to demonstrate that the Mr. Batiste affiliated with the gang as demonstrated by the use of the gang's customary language and Mr. Batiste's statement that he is a leader of the Black P. Stones. This testimony is intended to culminate in the jury's conclusion that Mr. Batiste was a member of the El Rukns and/or is affiliated with the El Rukns, and was ultimately carrying out the same plan as Jeff Fort.

In hundreds and hundreds of recorded conversations spanning an eight month period of recorded conversations, Mr. Batiste referenced Jeff Fort and the Black P. Stones exactly three times. In the 15,000 recorded phone calls, they are not mentioned once. This means that Mr. Batiste never discussed Jeff Fort or the Black P. Stone gang with any individual besides an informant. Importantly, he never mentioned this figure or the gangs in a single conversation with Sultan Khan Bey, who the government is now suggesting is a leader of an El Rukns gang.  Mr. Batiste never mentioned the El Rukns at all. There is simply not enough

**Page 9**
**USA v. Narsael Batiste, *et al.*, Case Number: 06-20373-CR-Lenard/Torres**
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

evidence in the record to support the government's bringing in the extensive expert testimony on the matter. This point cannot be overstated: the government is attempting to bring in expert testimony focused primarily on the El Rukns, though Mr. Batiste never mentioned the El Rukns. Mr. Batiste's words, therefore, certainly do not intertwine the El Rukns with this case.

Mr. Batiste did, however, repeatedly identify with the Moorish Science Temple in many conversations. It is clear from the evidence that Sultan Khan Bey considered himself a leader in the Moorish Science Temple and that Mr. Batiste associated with him on that basis. The government is conveniently conflating the Moorish Science Temple with the El Rukns, portraying the evidence that Mr. Batiste was associating with Sultan Khan Bey, as evidence that Mr. Batiste was following the model of the El Rukns. The government argues that the fact that co-defendant counsel Mr. Vereen devoted two and half pages of his opening statements trying to explain Jeff Fort and the Black P. Stone Nation, supports the inclusions of the expert's testimony. However, this argument does not constitute evidence in this trial or any other trial for that matter. Further, undersigned counsel did not bring in any information on El Rukns, P. Black Stone Rangers or Jeff Fort, whatsoever.

(2) Agent Young's testimony is disproportionately prejudicial.

In its response to Mr. Batiste's motion, the government fails to address the prejudicial

9

**Page 10**
**USA v. Narsael Batiste, *et al.*, Case Number: 06-20373-CR-Lenard/Torres**
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

nature of the proposed testimony. The government has also failed to address its ability to mitigate prejudice to Mr. Batiste through a stipulation as to Jeff Fort and the Black P. Stones. The government clearly intends to create this prejudicial effect through attaching him to Jeff Fort. In its response, the government states:

> "Jeff Fort and his coconspirators were convicted for attempting to sell their services as material support to perform terrorist acts, in The United States to Libya for $2,000,000. Nareal [sic] Batiste is recorded by FBI informants agreeing with his followers to sell their services as material support to Al Qaeda to perform terrorist acts in The United States for thousands of dollars." (D.E. 1118 at 5)    .

The government introduction of the investigation, prosecution and conviction of Jeff Fort on terrorism charges will have the effect of validating, for the jury, the conviction of Mr. Batiste. Another effect will be to associate the public's disdain for Jeff Fort and gang members to Mr. Batiste. Ultimately, the government proposed expert testimony will have the effect of placing Jeff Fort before the jury as a co-conspirator in Mr. Batiste's trial. The intent and actions of Jeff Fort, will thus be imputed directly to Mr. Batiste. Further, the jury will confuse the Moorish Science Temple with the El Rukns and Jeff Fort.

Jeff Fort sits among the most notorious gangsters, whose conduct spans the range of the most violent criminal behavior – all of which Young is likely to depict for the jury. The proposed testimony is so incredibly prejudicial that it smothers any chance of a fair trial for Mr. Batiste. The government has changed its original theory of prosecution in hopes of

**Page 11**
**USA v. Narsael Batiste,** *et al.,* **Case Number: 06-20373-CR-Lenard/Torres**
*Defendant Batiste's Reply to Government's Motion In Opposition to Defendant's Motion to Exclude Witness and Request for Daubert Hearing*

making such gang testimony appear central to the case, thus justifying its inclusion. The truly scant evidence related to Jeff Fort and the Black P. Stones, and the total absence of evidence related to the El Rukns belies the probative value of the proposed expert's testimony. The expert's testimony would be disproportionate to the evidence in the case, and far outstrip Mr. Batiste's own knowledge as to those facts.

Therefore, for all of the foregoing reasons, Mr. Batiste hereby moves this court for an order excluding the proposed government witness, Agent Dan Young, or in the alternative, to set a *Daubert* hearing.

I HEREBY CERTIFY that a copy of the foregoing was <u>not</u> furnished via CM/ECF to counsel listed below on the __3rd__ day of February, 2008.

RESPECTFULLY SUBMITTED,

ANA M. JHONES, Esq.
Haley & Associates, P.A.
300 Sevilla Ave., Suite 210
Coral Gables FL  33134
Telephone: (305) 442-9393
Facsimile: (305) 442-9990


BY:  /s/ *Ana M. Jhones*
     ANA M. JHONES, Esq.
     Florida Bar #771170

11