```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION
                 CASE NO. 06-20373-CRIMINAL-LENARD


UNITED STATES OF AMERICA,        Miami, Florida

          Plaintiff,             April 27, 2009

     vs.                         5:07 p.m. to 5:18 p.m.

NARSEAL BATISTE, et al.,         Volume XLII

          Defendants.            Pages 1 to 11
---------------------------------------------------------



                            JURY TRIAL
             BEFORE THE HONORABLE JOAN A. LENARD,
                  UNITED STATES DISTRICT JUDGE



APPEARANCES:


FOR THE GOVERNMENT:     RICHARD D. GREGORIE, ESQ., and
                        JACQUELINE M. ARANGO, ESQ.
                        ASSISTANT UNITED STATES ATTORNEYS
                        99 Northeast Fourth Street
                        Miami, Florida 33132


FOR THE DEFENDANT       ANA MARIA JHONES, ESQ.
  NARSEAL BATISTE:      300 Seville Avenue, Suite 210
                        Coral Gables, Florida 33134


FOR THE DEFENDANT       ALBERT Z. LEVIN, ESQ.
  PATRICK ABRAHAM:      261 Northeast First Street
                        Sixth Floor
                        Miami, Florida 33132
```

```
 1   FOR THE DEFENDANT        RODERICK D. VEREEN, ESQ.
       STANLEY PHANOR:        BRINKLEY, HENRYS & LEWIS
 2                            4770 Biscayne Boulevard
                              Suite 1200
 3                            Miami, Florida 33131

 4
     FOR THE DEFENDANT        RICHARD K. HOULIHAN, ESQ.
 5     NAUDIMAR HERRERA:      300 Aragon Avenue
                              Coral Gables, Florida 33134
 6

 7   FOR THE DEFENDANT        LOUIS CASUSO, ESQ.
       BURSON AUGUSTIN:       111 Northeast First Street
 8                            Suite 603
                              Miami, Florida 33132
 9

10   FOR THE DEFENDANT        NATHAN CLARK, ESQ.
      ROTSCHILD AUGUSTINE:    17639 South Dixie Highway
11                            Miami, Florida 33157

12
     REPORTED BY:             LISA EDWARDS, CRR, RMR
13                            Official Court Reporter
                              400 North Miami Avenue
14                            Twelfth Floor
                              Miami, Florida 33128
15                            (305) 523-5499

16

17

18

19

20

21

22

23

24

25
```

```
 1           THE COURT:  United States of America versus
 2   Narseal Batiste, et al., Case No. 06-20373.
 3           Counsel, state your appearances, please, for
 4   the record.
 5           MR. GREGORIE:  Good afternoon, your Honor.
 6           Richard Gregorie and Jacqueline Arango on
 7   behalf of the United States.
 8           MS. JHONES:  Ana Maria Jhones on behalf of
 9   Narseal Batiste, who is present.
10           MR. LEVIN:  Albert Levin for Patrick Abraham,
11   who's present, your Honor.
12           MR. CASUSO:  Lou Casuso on behalf of Burson
13   Augustin, who is present.
14           MR. CLARK:  Nathan Clark for Rotschild
15   Augustine, who's present.
16           MR. HOULIHAN:  Richard Houlihan with Naudimar
17   Herrera.
18           MR. VEREEN:  Rod Vereen on behalf of Stanley
19   Phanor, who's present.
20           THE COURT:  All Defendants are present.
21           I instructed Patricia to send out an e-mail
22   earlier today.  I had independently been considering
23   whether it was necessary for everybody to come in every
24   day for deliberations and, when I mentioned it to her,
25   she indicated that some counsel had inquired as to
```

1  whether that was necessary.
2       She did send out the e-mail.  Some people were
3  of the opinion that it was not necessary to come in
4  every afternoon and have the jurors come in and be
5  dismissed.  Other people requested it.
6       So before I made a decision as to how we were
7  going to proceed, I determined to have everybody come
8  in.  I'll hear your positions as to that, and then I'll
9  make a determination.
10       So I'm ready to hear positions.
11       MS. ARANGO:  Your Honor, it's the Government's
12  position that this is -- that releasing the jury at
13  the end of the day is not a jury communication, nor
14  is it anything -- nor is it a critical stage of the
15  proceeding where the Defendants' presence is necessary.
16       So I don't -- I believe that what can be
17  done -- and, to be honest with you, I don't have any
18  case law.  I did look at Rule 43, and I quickly did
19  some research just a little while ago.
20       I found a case, *United States versus Zielie*,
21  which is not on point, admittedly.  But it's
22  Z-i-e-l-i-e, 734 F.2d 1447.
23       That had to do with a Court responding to a
24  question by the jury about wanting trial transcripts.
25  And the Court, without consulting counsel and

1  without -- obviously, without the Defendants being
2  present, responded to the communication and said that
3  they must rely on their own memory.
4  　　　　The Court found that, because it was a jury
5  communication -- at least the Eleventh Circuit found
6  that, because it was a jury communication to the Court,
7  the Defendants should have been present.
8  　　　　But it was -- since it was a ministerial act,
9  there was no prejudice -- you know, there's other cases
10  like that.
11  　　　　I think that the -- that -- and it's
12  distinguished from our situation where they're just
13  being dismissed at the end of the day.
14  　　　　I think that, if your Honor just puts on the
15  record that you are going to be giving -- or the Court
16  will be giving the jury, before they recess for the
17  day, the following instruction and you just put on the
18  record what the instruction is -- so, therefore, you're
19  notifying the defense of what the instruction is -- and
20  as long as there's no objection to that instruction
21  that you are to give daily at the end of the day
22  that -- you know, that -- the standard instruction that
23  they're not to talk to anybody and they're to remain --
24  　　　　THE COURT:  I'm not quite sure I understand.
25  　　　　So your position is that I would bring them in

1  without anybody present and instruct them?
2          MS. ARANGO:  Well, I don't think you need to
3  bring them in.  I think that your Honor can have your
4  court -- I think you can have your courtroom deputy
5  instruct the jury at your behest at the end of the day
6  and just read the instruction that you read, you know,
7  in open court and just state that this is going to be
8  done every day so that there's notice to the -- to the
9  defense.
10         And, frankly, I don't have any case law on
11 this, Judge.  And --
12         THE COURT:  Well, I know it's the practice of
13 many of my colleagues that they don't bring the jurors
14 into open court with all the parties present.
15         MS. ARANGO:  Yes.  I agree that, whenever the
16 jurors are brought into open court, it's proper to do
17 it with all the Defendants and parties present.
18         However -- and I was actually trying to rack
19 my brain as to -- I think in trials -- other trials
20 that I've had, I don't recall having to come in at the
21 end of the day.  But I just don't remember.
22         Again, I took a quick perusal of the law.  It
23 seems to me as though it's a -- this is a ministerial
24 matter, that it be -- that it's not a critical stage of
25 the proceeding, that the Defendants' presence is not

1  necessary.
2         But I guess we could wait to hear from the
3  Defendants whether they even -- if they have a problem
4  with that.
5         THE COURT:  Okay.  Let me hear from the
6  Defendants.
7         MR. LEVIN:  Judge, my client and I would like
8  for the Court to bring them in at the end of the day in
9  the presence of counsel and the Defendant.
10        MR. HOULIHAN:  Mr. Herrera, after
11 consultation, agrees.
12        I also independently -- I agree with
13 Mr. Herrera's judgment.  Independently, I also agree.
14        I think, Judge, we've done this now two whole
15 trials.  It's been my experience, for whatever it's
16 worth, which is probably zero, that jurors are brought
17 in, especially -- I understand what you just said.
18        But I know in doing capital cases that they
19 never release the jury without anybody being in court
20 for overnight to have them come back in the morning.
21        And this is serious for my client.  I mean, we
22 know the consequences of a conviction are serious.  So
23 we would request to have them discharged from open
24 court.
25        MS. JHONES:  On behalf of Mr. Batiste, I agree

1   with Mr. Houlihan and with Mr. Levin that -- I don't
2   have any case law.  If the Court wishes that I research
3   it, I will.
4              I did not realize that it was going to be --
5   quite frankly, when the e-mail came out -- I don't have
6   a BlackBerry.  But when it was communicated to me, I
7   just thought it was just a random inquiry as to whether
8   or not -- how we felt about it, but not that the Court
9   was going to go further.
10             But, respectfully, my position is that -- this
11  is a very serious case and my position would be and
12  Mr. Batiste has requested that I take the position that
13  the procedure that the Court has been following for the
14  last two trials be followed in this case.
15             MR. VEREEN:  With regard to Stanley Phanor,
16  he's also requesting that the jury be discharged in the
17  presence of the attorneys.
18             MR. CLARK:  I take the same position for
19  Mr. Rotschild Augustine, your Honor.
20             But was the plan to bring the jury into the
21  open court without the attorneys present and
22  instructing them?
23             THE COURT:  No.  I would never do that.
24             MR. CLARK:  It was to instruct them and
25  then -- from the jury room?  Or exactly -- I was just

```
 1  wondering exactly --
 2          THE COURT:  Well, what I was considering was,
 3  since everybody was here, I was going to bring them in
 4  and give them the instruction and tell them that this
 5  instruction would apply every day when they leave, that
 6  once they leave here and they're dismissed for the day,
 7  which would be at a time that they determine, that this
 8  instruction would apply every day.
 9          MR. CLARK:  Okay, your Honor.  Thank you.  I
10  just wanted to clarify that.
11          At the present time I wouldn't be
12  comfortable -- my client wouldn't be comfortable with
13  changing the order that we've gone through already.
14          THE COURT:  Mr. Casuso?
15          MR. CASUSO:  Judge, I'm out-voted.
16          THE COURT REPORTER:  One more time.
17          MR. CASUSO:  I'm out-voted, Judge.  Since we
18  don't have a life, I would love to be here.
19          THE COURT:  Well, actually, I was trying to --
20  one of the reasons was I was trying to make it, you
21  know, a little bit easier on counsel and the
22  Defendants, quite frankly.
23          I mean, I'm here.  It's really not a big deal
24  for me to come out at 5:30 or 5:00 or whatever because
25  I'm here and the jurors are here.
```

1  So it was for the convenience of the parties
2  and the attorneys that -- I was trying to accommodate
3  you all and just dismiss them.
4  So if you all don't want to be accommodated,
5  that's fine.  You'll have to be here whenever we tell
6  you to be here when they want to leave.
7  Let's bring them in, please.  I know they want
8  to leave.
9  (Whereupon, the jury entered the courtroom at
10 5:15 p.m. and the following proceedings were had:)
11 THE COURT:  Hello.
12 THE JURY:  Hello.
13 THE COURT:  Good afternoon.  Good evening.
14 THE JURY:  Good evening.
15 THE COURT:  You may be seated.
16 Ladies and gentlemen of the jury, I'm going to
17 dismiss you for the day.
18 Do not discuss this case either amongst
19 yourselves or with anyone else.  Have no contact
20 whatsoever with anyone associated with the trial.  Do
21 not read, listen or see anything touching on this
22 matter in any way.
23 If anyone should try to talk to you about this
24 case, you should immediately instruct them to stop and
25 report it to my staff.

```
 1          Remember, when you come in tomorrow morning,
 2   you need to wait for all of your members to be present
 3   to begin your deliberations.  Your cue will be when
 4   Patricia brings you the jury instruction and the
 5   verdict forms and the indictment.
 6          Have a nice evening.  I'm sure I'll see you
 7   sometime tomorrow.
 8          (Whereupon, the jury exited the courtroom at
 9   5:17 p.m. and the following proceedings were had:)
10          THE COURT:  We're in recess in this matter.
11          Patricia will be in touch with you.  It will
12   not be any later tomorrow than 5:30.  I don't know what
13   time they intend to deliberate to, but I intend to
14   leave tomorrow at 5:30.
15          Have a nice evening.
16          MR. GREGORIE:  Thank you, Judge.
17          (End of proceedings.)
18
19                    C E R T I F I C A T E
20          I hereby certify that the foregoing is an
     accurate transcription of the proceedings in the
21   above-entitled matter.
22
     _____         /s/Lisa Edwards_____
23      DATE              LISA EDWARDS, CRR, RMR
                          Official United States Court Reporter
24                        400 North Miami Avenue, Twelfth Floor
                          Miami, Florida 33128
25                        (305) 523-5499
```